MECHANICS' PLANING-MILL COMPANY, Defendant in Error,
*v.* WILLIAM F. NAST ET AL., Plaintiffs in Error.

### April 29, 1879.

1. Where the description of the property and owners in the first lien-claim is such that the court may declare, as a matter of law, that it is insufficient, a second claim, if sufficient and filed in time, may be sustained.

2. The lien-claimant must file such a description as will not only identify the property with reasonable certainty as between the parties, but such as will be notice to strangers purchasing the property.

ERROR to St. Louis Circuit Court.
*Judgment corrected.*

JOHN D. DAVIS, for plaintiffs in error: "In an action on a mechanic's lien, the statutory averments are material; they are the essential facts that show the claim to be protected by the lien." — *Peck* v. *Bridwell*, 6 Mo. App. 451; *Porter* v. *Tooke*, 35 Mo. 107; *Wilcox* v. *Keith*, 3 Or. 372. An omission of such averments is not cured by verdict. — *Langsdorf* v. *Sanger*, 40 Mo. 164; *Shaw* v. *Allen*, 24 Wis. 563. If enough appear in the description to enable one familiar with the locality to identify the premises intended to be described, with reasonable certainty, to the exclusion of others, it will be sufficient. — *De Witt* v. *Smith*, 63 Mo. 263; *Oster* v. *Rabeneau*, 46 Mo. 595; *O' Halloran* v. *Leachey*, 39 Ind. 150; *O' Halloran* v. *Sullivan*, 1 Greene (Iowa), 75; *McClintock* v. *Rush*, 63 Pa. St. 203; *Parker* v. *Bell*, 7 Gray, 429; *Caldwell* v. *Asbury*, 29 Ind. 451. "Plaintiff could have but one lien for the same demand. If he failed to sue in proper time after filing it, he has lost his lien and special remedy thereon." — *Mulloy* v. *Lawrence*, 31 Mo. 583. The entry of a personal judgment against defendant William F. Nast, who had simply been served by publication and had not entered his appearance, was erroneous.

Rudolph Schulenburg, for defendant in error: Where the statement of lien is defective and void, the plaintiff is at liberty to file a second lien-claim. — *Chambers* v. *Garnall*, 15 Pa. St. 265; *Bournonville* v. *Goodall*, 10 Pa. St. 133; *Highfield* v. *Pierce*, 3 Pa. St. 50; *Skyrme* v. *Occidental M. Co.*, 8 Nev. 219. "No notice having been given, the lien was a nullity, and a second lien can be filed." — *Matlack* v. *Lare*, 32 Mo. 262; *Williams* v. *Porter*, 51 Mo. 441. "There being no proper description, no lien is created." — *De Witt* v. *Smith*, 63 Mo. 265.

Hayden, J., delivered the opinion of the court.

In this suit to enforce a mechanic's lien, the defence was that, before the filing of the lien-claim now relied on, a first lien-claim was filed, and that the present suit is not brought within ninety days from the filing of the first lien-claim. To this the plaintiff replies that the first lien-claim was defective, as it did not correctly describe the property or its owners. As the second claim was filed in time, and this suit was brought within ninety days after such filing, the question presented is whether the first lien-claim is so far defective as to entitle the plaintiff to rely upon the second. Here the inchoate lien existed by reason of the furnishing, etc., of the materials, and if the first lien-claim was not sufficient in law, the plaintiff was at liberty to file a second within the time prescribed. *Davis* v. *Schuler*, 35 Mo. 24. Not to mention other discrepancies, the description of the property in the first lien-claim was " nine certain two-story brick houses," that of the second and correct claim, "eight certain two-story brick houses and one three-story brick house." In the first claim there were the words, " said lot containing 50 feet five inches, more or less, on the east line of 28th Street," yet the property was described as " bounded east by 27th Street;" while in the second claim the property was described as " having a front on the west

line of 27th Street," etc.   With the two persons described as owners in the second claim, three others were joined as owners in the first claim.

As the description of the ground and the character of the improvements were shown by the evidence to be as set out in the second claim, it is plain that the first description was not " a true description of the property, or so near as to identify the same," within the meaning of the statute.   The buildings were not as described, nor was the lot " on the east line of 28th Street ; " while to these words the clause " bounded east by 27th Street " is directly repugnant. The question was not here that which, by his testimony and instruction, the defendant sought to raise : whether, from the fact of there being no other houses in the block, a person familiar with the property could have identified it, with reasonable certainty, from the first description.   Here was a description repugnant to itself, and so unintelligible that the court below could, as a matter of law, say that, as against a second lien-claim filed in good faith, the first was a nullity.   The lien-claimant has a right to, and under the law must, indeed, for his own protection, file not only such a claim as will identify the property with reasonable certainty, as between the original parties, but such a claim as will be good as against strangers purchasing the property and relying on the face of the claim for their notice.   That a purchaser with only such notice would have prevailed as against the plaintiff relying on his first claim is apparent.

The allegation of the petition as to ownership of the property would be sufficient even upon motion in arrest of judgment, and no such motion was made.

As a personal judgment was entered against the defendant Nast, who was served only by publication, this error will be corrected and a proper judgment entered here.   All the judges concur.